OPINION OF THE COURT
Per Curiam.
Final judgment, entered July 26, 2004, affirmed, with $25 costs, for the reasons stated by Laurie L. Lau, J., at the Civil Court.
The operative terms of the parties’ lease agreement prohibited tenant from making changes in, adding to or altering the demised apartment premises without the landlord’s prior written consent (art 10), provided that the landlord’s acceptance of rent with knowledge of any breach of the lease is not to be deemed a waiver of such breach (art 28 [A]), and required any waiver of a lease provision to be formalized by a “written agreement” between the parties (art 28 [B]). Indisputably, tenant violated the “no alterations” lease provision when, without obtaining the landlord’s written permission, she installed a screen — found upon the court’s inspection to have been “screwed . . . into the bricks of the exterior of the building” — to enclose the terrace of her 12th floor apartment. Moreover, giving proper effect to the broad nonwaiver and merger clauses of the parties’ lease, and in the absence of any persuasive showing that landlord knowingly acquiesced or was actively involved in the tenant’s defaulting conduct, the trial court appropriately rejected the tenant’s affirmative defense of waiver (see Excel Graphics Tech, v CFG/AGSCB 75Ninth Ave., 1 AD3d 65 [2003]).
Enforcement of the judgment shall be stayed for 10 days after service of a copy of this order with notice of entry so that tenant may cure the breach of lease (RPAPL 753 [4]).